FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

UNITED STATES DISTRICT COURT 2014 JUN -9 PM 12: 24
SOUTHERN DISTRICT OF INDIANA

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRISON
CLERK

| | | |
|---|---|---|
| S. A. Tinnin-Bey, pro se | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. |
| | ) | |
| Indianapolis Public Schools | ) | 1 : 1 4 -cv- 0 9 4 4 RLY -DML |
| Dr. Eugene White, Former Superintendent | ) | |
| Dr. Lewis D. Ferebee, Superintendent | ) | |
| Mrs. Kris Walker-Guess, Principal | ) | |
| Human Resources Department | ) | |
| Indiana Department of Education | ) | |
| Dr. Glenda Ritz, Superintendent of Public Instruction | ) | |
| | | |
| Defendants. | | |

EMPLOYMENT DISCRIMINATION COMPLAINT

Plaintiff brings a complaint against defendants, Indianapolis Public Schools and the
Indiana department of Education, employees of said educational institutions, and particular
associates thereof and all listed below, for discrimination as set forth below.

Plaintiff does demand a jury trial.

I.  PARTIES

Plaintiff's Name and Address:          S. A. Tinnin-Bey
                                       2512 Burton Avenue
                                       Indianapolis, Indiana 46208

Defendants' Names and Addresses:       Indianapolis Public Schools
                                       Dr. Eugene G. White, Former Superintendent
                                       Dr. Lewis D. Ferebee, Superintendent
                                       Mrs. Kris Walker-Guess, Principal
                                       Human Resources Department
                                       The John Morton-Finney Center

1

120 East Walnut Street
Indianapolis, Indiana 46204

Indiana Department of Education
Dr. Glenda Ritz, Superintendent of Public
Instruction
302 W. Washington Street
Indianapolis, Indiana 46204

## II. JURISDICTION

1.     The complaint is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, and jurisdiction is based on 42 U.S.C. 2000e-5 and 28 U.S.C.1343(a)(4);

     a)     Equal rights under law (42 U.S.C. 1981), and jurisdiction is based on 28 U.S.C. 1331 and 1343(a); and

     b)     Equal protection under the law as provided by the Fifth and Fourteenth Amendments of the U.S.C.

2.     Plaintiff did timely file, February 3, 2014, a charge of discrimination with the Equal Employment Opportunity Commission.

3.     Plaintiff's Right to Sue Notice from the Equal Employment Opportunity Commission was received on March 13, 2014 (see Plaintiff's exhibit #12 and #13).

## III. STATEMENT OF LEGAL CLAIM

1.     Plaintiff is entitled to relief in this action because Defendants wrongfully and unconstitutionally terminated Plaintiff's employment from the Indianapolis Public Schools allegedly for unsatisfactory performance as a result of repeated complaints from several students and parents alleging Plaintiff exercised inappropriate contact with students. However, each allegation lodged against Plaintiff resulted as unsubstantiated by Child Protective Services or merely false reporting, thus in violation of Title VII of the Civil Rights Act of 1964.

2.     Plaintiff is entitled to relief in this action because Defendants wrongfully and illegally terminated Plaintiff's employment from the Indianapolis Public Schools allegedly for unsatisfactory performance when, in fact, Defendants terminated Plaintiff's employment based on an unflattering letter (September 2, 2013) Plaintiff wrote to the

2

Indianapolis Public Schools Human Resources complaining of maltreatment Plaintiff incurred from his school principal Defendant Kris Walker-Guess, his Islamic religious beliefs, Moorish cultural customs, Moorish national origin, his persistence to publicly advocate infusing Moorish history and culture into Indiana's educational curriculum as mandated by Indiana Public Law 221, thus Defendants violated the rights of Plaintiff provided by the First, Fifth, and Fourteen Amendments of the United States Constitution and Religious Discrimination and Retaliation under Title VII of the Civil Rights Act of 1964.

3.      Plaintiff is entitled to relief in this action because Defendants, in concert, recognize Christian holidays and allow employees time off from work with pay while discriminating against other employees who subscribe to the religion of Islamism and accompanying Moorish holidays and customs in violation of the First, Fifth, and Fourteenth Amendments of the United States Constitution.

4.      Plaintiff is entitled to relief in this action because Defendant Kris Walker-Guess, Principal of Joyce Kilmer Academy Elementary School #69, did lead, at least on several occasions during the 2013-2014 school year, Christian prayers inside the school building during school hours and subsequently punished Plaintiff for providing what Defendant perceived as Moorish Science Temple of America religious papers to a parent of a student who had requested Plaintiff's personal opinion as to why parent's child exhibits habitual behavioral problems in school, thus discriminated and retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

## IV. FACTS IN SUPPORT OF COMPLAINT

1.      Plaintiff acquired fulltime employment as a behavior adjustment facilitator with the Indianapolis Public Schools (IPS) in August 2007.

2.      Plaintiff was initially assigned to an IPS alternative high school, Meridian Transition School, in August 2007.

3.      In addition to monitoring and redirecting counterproductive behaviors of students assigned by the school's Principal or Vice Principal to the in-school suspension classroom and placing physical restraint holds on combative and violently unruly students, another part of Plaintiff's duty as a behavior adjustment facilitator was to assist the school's police officer, Donnie Allen, with pat searching students entering the building to ensure students did not bring drugs, weapons, tobacco, or any other items construed as contraband into the building.

4.      On October 31, 2008, a report was filed with Child Protective Services, and subsequently unsubstantiated, that stated Plaintiff had inappropriately touched a male student apparently during a pat down search of said student.

5.      On December 3, 2008, a female student allegedly reported that Plaintiff had given her a business card with his phone number on it and allegedly suggested she call him when she turns 18 years of age and to keep it between the two of them. However, Plaintiff responded in writing to those allegations at that time to IPS's Human Resource Office by suggesting officials examine the video camera recordings which monitor the hallway in the school where they would see that said female student had approached Plaintiff in the hallway requesting him to give her a ride to her home in his car.   In response to her request for a ride home, Plaintiff's actually replied to her that staff was prohibited by IPS policy from riding students in their cars.   School officials and Child Protective Services investigated the student's allegations and subsequently determined that she has a history of peculiar social behaviors, that such business card was never produced, and that her allegations were found not credible.

6.      On April 4, 2009, Plaintiff was in the process of pat searching a different male student who was seated in a chair and who happened to be the grandson of Plaintiff's first cousin David Tinnin when suddenly said student shoved Plaintiff to keep Plaintiff from discovering contraband hidden on student's person and Plaintiff instinctively returned the shove to maintain control of the situation.   However, the return shove caused student's back to contact the back of the chair and his head to slightly bump the wall behind the chair.   The student was immediately arrested and charged with assault on staff but Plaintiff was transferred the following day to another school allegedly for being non-invitational with the student's parent when said parent visited the school on the day of the incident.

7.      During Plaintiff's tenure at Meridian Transition School, he and Defendant Kris Walker-Guess, who was Vice Principal at that time, had developed a very cordial, plutonic, and trusting relationship whereas they would attend one another's social functions and visit one another's home and, at one point, Defendant Walker-Guess gave her house key to Plaintiff and requested him to retrieve an item from her home.   Plaintiff achieved the objective without incident.

8.      Approximately on or about April 18, 2009, Plaintiff was transferred from Meridian Transition School to Francis W. Parker Montessori Elementary School #56 where Miss Lauren Franklin is the Principal.

9.      As a 27-year member of a lawfully chartered religious organization, the Moorish Science Temple of America, Inc., Plaintiff was awarded a Certificate of Letters of Appointment in October 2012 that established Plaintiff's status in the organization as a Sheik, Divine Minister, and appointed him to the office of Assistant Grand Sheik of Subordinate Temple Number Four in Indianapolis, Indiana and to the office of National Director of Prison Ministries for the Moorish Science Temple of America, Subordinate Temple Number One/Grand Major Temple (see Plaintiff's exhibit #1).

10.     On November 28, 2012 at 4:30 p.m., Plaintiff sent an e-mail to his principal (Miss Franklin) at School #56 and copied it to Defendant Dr. Eugene G. White, Defendant Kris Walker-Guess, and to several other essential personalities requesting that Indianapolis Public Schools honor Plaintiff's 1st Amendment right to celebrate Moorish Christmas on January 8th of each year and to allow Plaintiff off work on that day without it adversely affecting Plaintiff's attendance (see Plaintiff's exhibit #2).

11.     At 5:18 p.m. on November 28, 2012, Defendant Dr. Eugene G. White responded to Plaintiff's e-mail stating that Plaintiff may not have an excused day off for Moorish Christmas in that it is not a recognized holiday by the Indianapolis Public Schools (see Plaintiff's exhibit #3).

12.     On December 28, 1928, Prophet Noble Drew Ali, who founded the Moorish Science Temple of America in 1913 A.D. in Newark, New Jersey, issued a mandate to all its members stating that the 8th of January is his birthday----that will be our Christmas (see Plaintiff's exhibit #4).

13.     The Indianapolis Public Schools schedules the winter break school closing each year during the Christmas season for Christians and pay employees for Christmas Eve and Christmas Day without employees actually worked those days.

14.     Upon request from Defendant Kris Walker-Guess, Principal of Joyce Kilmer Academy Elementary School #69, Plaintiff was transferred to School #69 from School #56 in January 2013.

15.     Indiana legislators mandated cultural competency in educational environments via Indiana Public Law 221.

16.     By the year 2010, Plaintiff became a volunteer member of Indianapolis Public Schools Diversity Cadre Committee that assist the school district with infusing cultural diversity into the educational curriculum.

17.     On March 12, 2013, Dr. Patricia Payne, Director of Multicultural Education and Diversity, permitted Plaintiff to perform a 20-minute Moorish-American power point presentation to the Cadre Committee where he attempted to persuade said committee to include infusing Moorish history and culture into the educational curriculum (see Plaintiff's exhibit #5 and exhibit DVD #5A).

18.     On April 10, 2013, Plaintiff wrote a letter, to no avail, to Dr. Vernon G. Smith, Indiana State Representative requesting Dr. Smith set up a meeting between Plaintiff and Defendant Glenda Ritz, Superintendent of Public Instruction, in hopes of influencing her to mandate infusing Moorish history and culture into public education throughout the State of Indiana (see Plaintiff's exhibit #6).

19.     On July 10, 2013,   Plaintiff wrote a letter, to no avail, to Gregory W. Porter,

Indiana State Representative requesting Dr. Smith set up a meeting between Plaintiff and Defendant Glenda Ritz, Superintendent of Public Instruction, in hopes of influencing her to mandate infusing Moorish history and culture into public education throughout the State of Indiana (see Plaintiff's exhibit #7).

20.    Sometime during the summer months of 2013, Plaintiff attempted, to no avail, to communicate via website (Indiana Department of Education) with Defendant Glenda Ritz, Superintendent of Public Instruction, and personally request a meeting between she and Plaintiff concerning his desire to see Moorish history and culture infused into public education throughout the State of Indiana (see Plaintiff's exhibit #8).

21.    Plaintiff became ill on the evening of May 27, 2013 and his illness continued into the early morning hours of May 28, 2013 that prevented his ability to report to his place of employment on said morning.   Plaintiff therefore placed a phone call (317-226-4269) to his place of employment (School #69) from his mobile phone (317-457-8752) at 5:44 a.m. in advance of the beginning of his 8:30 a.m. shift and well over the 2-hour rule as set forth in IPS policy to advise he would not report to work on May 28, 2013 due to illness.   Of course no person answered the phone but Plaintiff did leave a voice message stating the same (see Plaintiff's exhibit #11).

22.    On May 29, 2013, Defendant Walker-Guess filed a written report against Plaintiff and suspended him for 2 days for failing to call her mobile phone (317-418-8802) to advise of his illness and that he would not be reporting to work on May 28, 2013 (see Plaintiff's exhibit #10).

23.    Plaintiff was recently assigned (January 2013) to School #69 and had never called in sick before May 28, 2013 and was never made aware that he should call the Principal's mobile phone in such cases.   Plaintiff offered Defendant Walker-Guess that he would produce his T-Mobile phone records to substantiate he did place a timely phone call to the school to report he was taking a sick day but Defendant Walker-Guess refused Plaintiff's offer to prove.

24.    All Indianapolis Public Schools closed for summer break in June 2013.

25.    All Indianapolis Public Schools opened and began the 2013-2014 semesters on August 5, 2013.

26.    On August 5, 2013 and on the first day of the 2013-2014 semesters, Defendant Walker-Guess escorted Plaintiff to his new room where he would conduct in-school suspensions for the 2013-2014 semesters.   The room was the size of a counselor's office (8' by 10') that could only accommodate up to 3 students at a time and, since his 2007 employment with IPS, Plaintiff had been accustom to conducting in-school suspensions in a full-size classroom to accommodate an average of 10 to 20 students at any given time.   Instantly the Plaintiff therefore suspected that the incredibly small room crowded with rowdy students was a recipe

6

for failure and explosive student behaviors.   With the excessive number of
students which did eventually over capacitated the room, it placed School #69 in
violation of the International Fire Code (see Plaintiff's exhibit #D2).

27.     Further on August 5, 2013, unfortunately one of the permanent teachers
assigned to School #69 failed to report to work on the first day due to circumstances
beyond her control.   The teacher in question reportedly was involved in a traffic
accident with injury and as a result Defendant Walker-Guess summoned the entire
school staff to report immediately in the hallway right outside of the school's main
office to notify staff as a group about the teacher's accident with injury. Defendant
Walker-Guess subsequently instructed the entire staff to form a large circle and to
join hands as the group was led in a Christian prayer.   All these events occurred in
full view of cameras stationed in the hallway.

28.     On August 23, 2013, the first of four (4) child abuse complaints were filed
against Plaintiff during the 2013-2014 school semesters, 3 with Child
Protective Services (CPS) and one resolved by the parent of an accusing
student, and though all resulted in unsubstantiated allegations or blatant false
reporting, the incidents were nevertheless used surreptitiously by IPS officials
to have Plaintiff's employment terminated in hopes termination would not seem
to be based on Plaintiff's advocacy of having Moorish history and culture
infused into IPS's educational curriculum (see Plaintiff's exhibits #E, #F, #H,
and #M).

29.     In response to the first two CPS reports, Plaintiff wrote a 5-page letter to
IPS's Human Resource Office defending himself against the allegations and
criticizing his Principal (Defendant Walker-Guess) for not taking responsibility
for having the in-school suspension students sitting on the floor in which
created a student to exhibit uncooperative behavior and led to said student's
behavior explosion (see Plaintiff's exhibit #D).

30.     Plaintiff was suspended from work at school on or about August 26, 2013
and was allowed to return to work after the conclusion of a CPS investigation
on or about September 30, 2013.

31.     On October 2, 2013 and after only the 3rd day back to work following a
35-day suspension, a male student filed a complaint alleging Plaintiff hit him in
the stomach.   However, the student's father came to the school the following
day and was able to induce the truth from his son that he had filed a false report
against Plaintiff (see Plaintiff's exhibit #H).

32.     On October 23, 2013 and repeated on October 24, 2013, Plaintiff submitted
via e-mail a Board Action Item to IPS's Board of School Commissioners
requesting that Plaintiff be permitted to perform a presentation to the Board
establishing that the Moors are people who have been erroneously identified as
Negroes, Colored Folks, Black People, and African-Americans and that as a

cultural issue as it relates to Indiana Public Law 221 thus should be infused into the educational curriculum (see Plaintiff's exhibits #4A and #9).

33.     Evidence of IPS official(s) in downtown office contacting the Principal (Defendant Walker-Guess) at School #69 and complaining about Plaintiff submitting Moorish information as a Board Action Item to be considered by the Board of School Commissioners is apparent and an inference in a hostile e-mail addressed to Plaintiff from Defendant Walker-Guess dated October 23, 2013, on the same day Plaintiff initially submitted the request as listed in paragraph 31 of the instant discrimination complaint (see Plaintiff's exhibit #B, top of 1st page, 2nd paragraph).

34.     Further, the Board of School Commissioners or its representative, on its own volition, e-mailed the blank Board Action Item request form to Plaintiff's school e-mail account and, by Plaintiff at that time being a member of IPS's Cadre Committee which assist with infusing various cultures into the educational curriculum and since in fact it was school business, then Plaintiff perceived he had the right and/or prerogative to fill out the blank Board Action Item request form and submit his ideas to the Board of School Commissioners since the record does reflect that Plaintiff has a profound and legitimate interest in making Moorish history and culture a part of IPS's educational curriculum (see Plaintiff's exhibit #5).

35.     Defendant Walker-Guess learned of her Assistant Principal Mrs. Kelly Corbett's husband becoming ill and requiring surgery so again Defendant Walker-Guess summoned the entire school staff to the hallway right outside the main office to notify staff of Mrs. Corbett's unfortunate family matters and then Defendant Walker-Guess instructed the entire staff to form a large circle in the hallway and join hands as the group was led in a Christian prayer.   All these events occurred in full view of cameras posted in the hallway.

36.     On November 20, 2013, Defendant Walker-Guess wrote a report against Plaintiff alleging he assaulted another male student, which complaint was submitted to CPS for investigation, and said Defendant wrote an amendment to the report alleging Plaintiff gave a different male student a religious packet titled "Attention: Negroes, Blacks, Coloreds and African-Americans Look at What Happened to You!" in addition to his business card (see Plaintiff's exhibit #J and #K).   However, Plaintiff vehemently asserts that the items Defendant Walker-Guess alleged Plaintiff gave to a student were in fact given to the student's mother who had visited Plaintiff's classroom the day before, that said student was a regular visitor to the in-school suspension classroom in that caused Plaintiff to become familiar with student's academic capabilities, and therefore it would have been illogical for Plaintiff to give such sophisticated reading material to a well, known underachieving 5th grade student (see Plaintiff's exhibit #K).

8

37.    Plaintiff wrote a second 5-page letter on November 20, 2013 to IPS's
Human Resource Office defending himself against new allegations and
complaining that the ongoing and repeated assault and/or child abuse
allegations made by students and willingly fostered by Defendant
Walker-Guess without seriously taking into account Plaintiff's version of the
events, which resulted in minimal contact between student and Plaintiff, had
risen to the level of harassment and retaliation against Plaintiff (see Plaintiff's
exhibit #L).

38.    Defendant Walker-Guess notified Plaintiff in a certified letter dated
January 24, 2014, and while Plaintiff was still under indefinite suspension from
work without pay, that she is recommending Plaintiff be terminated from
employment with Indianapolis Public Schools (see Plaintiff's exhibit #N).

39.    Defendant Lewis D. Ferebee, Superintendent of Indianapolis Public
Schools, notified Plaintiff in a certified letter dated March 4, 2014 that he
agreed with Defendant Walker-Guess' recommendation that Plaintiff be
terminated from employment with Indianapolis Public Schools (see Plaintiff's
exhibit #P).

40.    On May 13, 2014, Indianapolis Public Schools held a due process hearing
for Plaintiff with his two (2) witnesses in attendance and providing Plaintiff an
opportunity to appeal Defendant Walker-Guess and Defendant Ferebee's
recommendations to have Plaintiff's employment from IPS terminated.   All
documents, records, and the DVD attached to the instant discrimination
complaint were submitted into the evidence at the due process/appeal hearing
held in the Human Resource Office at the Indianapolis Public Schools
Building.

41.    The hearing officer, Julie Markle, issued a ruling on the hearing in a
certified letter dated May 27, 2014 which stated Plaintiff's appeal had been
denied, thus in effect Plaintiff was officially terminated from employment with
the Indianapolis Public Schools.

## V.  PRAYER FOR RELIEF

Based on the foregoing, Plaintiff seeks the following relief:

That the Defendants the Indianapolis Public Schools, Dr. Eugene G. White, Dr. Lewis
D. Ferebee, Kris Walker-Guess, IPS's Human Resources Department, the Indiana
Department of Education, and Dr. Glenda Ritz, in concert, by their inactions to correct
Plaintiff's legitimate complaints and unlawful actions against Plaintiff thus violated the
constitutional rights of Plaintiff as a result of Defendants' illegal and unconstitutional
violations against Plaintiff and, therefore, the Court should assess punitive damages
against Defendants in the amount of $100,000.00.

That the Plaintiff suffered unjust and incredible losses of full-time employment, substantial benefits, credibility, and status as a behavior adjustment facilitator since November 20, 2013, as a result of Defendants' unconstitutional actions against Plaintiff and, therefore, the Court should assess compensatory damages against Defendants in the amount $100,000.00.

That the Plaintiff suffered a severe degree of mental anguish, anxiety, and pain, embarrassment, frustration, harassment, and retaliation, after at least two decades of Plaintiff striving diligently in transforming his character from deviancy to the pinnacle of integrity, honesty, credibility and renown throughout the State of Indiana only for Plaintiff to unjustly and severely suffer, in an instant, as a result of Defendants' unconstitutional and unlawful actions against Plaintiff and, therefore, the Court should assess pain and suffering damages against Defendants in the amount of $100,000.00.

## VI. SIGNATURE

Signed this 9th day of June, 2014.

*S. A. Tinnin-Bey*

S. A. Tinnin-Bey, pro se
2512 Burton Avenue
Indianapolis, Indiana 46208

I, S. A. Tinnin-Bey, do hereby certify that a copy of the foregoing Employment Discrimination Complaint has been duly served upon the below listed Defendants, via first class United States mail, postage pre-paid and certified and affixed, on this 9th day of June, 2014.

Indianapolis Public Schools
Dr. Eugene G. White, Former Superintendent
Dr. Lewis D. Ferebee, Superintendent
Mrs. Kris Walker-Guess, Principal
Human Resources Department
The John Morton-Finney Center
120 East Walnut Street
Indianapolis, Indiana 46204

Indiana Department of Education
Dr. Glenda Ritz, Superintendent of Public Instruction
302 W. Washington Street
Indianapolis, Indiana 46204

10